## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter  7 |
|  | ) | Case No. 21-40233-CJP |
| DANNY LUU, | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |

### ORDER

Danny Luu (the "Debtor") claims a homestead exemption on Schedule C in the amount of $324,960 under Mass. Gen. Laws ch. 188, § 3[1] with respect to real property located at 7 Roseville Lane, Worcester, MA (the "Property").  The chapter 7 trustee, Janice Marsh (the "Trustee"), objects to the claimed homestead and asserts the Debtor is only entitled to the so-called "automatic" exemption of $125,000 available under the Massachusetts Homestead Act [Dkt. No. 25] (the "Objection").  The Debtor filed a response to the Trustee's Objection [Dkt. No. 31] (the "Response") asserting that he is entitled to the full amount claimed on his recorded declaration of homestead.  Upon consideration of the submissions and the arguments made at the hearing held on the Objection, I sustain the Trustee's Objection and limit the Debtor's claimed exemption to $125,000 pursuant to the automatic homestead exemption provided by § 4 of the Massachusetts Homestead Act.

The facts that are material to resolution of this matter are not in dispute.  The deed to the Property recorded on August 23, 2002 reflects that the Debtor owns the Property, individually.  The Debtor recorded a homestead declaration on March 18, 2021 (the "Homestead Declaration") and filed his Chapter 7 case two days later on March 20, 2021. The Debtor is married and was married at the time he recorded the Homestead Declaration.

---

[1] Chapter 188 will be referred to, generally, as the "Massachusetts Homestead Act."

His non-debtor wife is not a record owner of the Property.

The Massachusetts Homestead Act offers up to $500,000 protection from creditor seizures where a homeowner has recorded a declaration of homestead in accordance with the requirements of the statute. Mass. Gen. Laws ch. 188, § 3. Recording the declaration creates an "estate of homestead" for the benefit of each owner of the home and family members who occupy or intend to occupy the home as their principal residence. *Id.* In the absence of a valid declared homestead, the statute provides for an automatic homestead of $125,000 for the benefit of an owner and the owner's family members. Mass. Gen. Laws ch. 188, § 4.

Section 1 of the Massachusetts Homestead Act defines "[d]eclared homestead exemption," in relevant part, without reference to certain additional ownership based qualifications not applicable to this case, as being "created by a written declaration, executed and recorded pursuant to section 5." Mass. Gen. Laws ch. 188, § 1. Chapter 188, § 5(a) states in pertinent part:

> A declaration of homestead shall be in writing, signed and acknowledged under penalty of perjury by each owner to be benefitted by homestead … [and, among other requirements] (1) each owner to be benefited by the homestead, and the owner's non-titled spouse, if any, shall be identified; (2) the declaration shall state that each person named therein occupies or intends to occupy the home as their principal residence[.]

Mass. Gen. Laws ch. 188, § 5.

A claimed exemption is presumed to be valid unless a party in interest objects, *see* 11 U.S.C. § 522(*l*), and that objecting party has the burden to prove otherwise, *see* Fed. R. Bankr. P. 4003(c). The Trustee objects to the Debtor's claimed exemption because she asserts that the Homestead Declaration is deficient. First, she observes that the Debtor's "non-titled

spouse" is not identified.  Obj. ¶ 13.  Second, she asserts that the Homestead Declaration does not "state that each person named therein occupies or intends to occupy the home as their principal residence," even though the Debtor identifies himself in the Homestead Declaration as "owning and occupying [the Property] as my principal residence."  *Id*.  Finally, the Trustee notes that the Homestead Declaration is not "signed and acknowledged under penalty of perjury" and the notarial acknowledgement does not contain a jurat conforming to the form of declaration of homestead promulgated by the Secretary of the Commonwealth.  *Id*. at ¶ 12. Each of these deficiencies, the Trustee contends, renders the Homestead Declaration invalid, such that the Debtor would only be entitled to claim the automatic homestead amount under Mass. Gen. Laws ch. 188, § 4.

The Debtor acknowledges that at the time he recorded his homestead he was married and did not list his "non-titled spouse" on the Homestead Declaration.  Resp. ¶ 5.  He argues that such an omission should not invalidate the homestead, because it otherwise substantially complied in "every single way that is relevant to this Bankruptcy case.  *All creditors, and the world were on notice that Mr. Luu owned [the Property] . . . and that Mr. Luu was declaring that [P]roperty as his homestead pursuant to* [Mass. Gen. Laws ch. 188, § 1]."  *Id*. at ¶ 5 (emphasis in original). The Debtor focuses on cases adopting liberal construction of the homestead statute in favor of the party claiming the homestead and argues that cases invalidating homestead declarations for not complying with statutory requirements focus on instances where creditors would be prejudiced because the homestead declaration did not sufficiently "place the world on notice."  *Id*. at ¶¶ 6–7, 9 (quoting *In re McComber*, 422 B.R. 334, 338 n.1 (Bankr. D. Mass. 2010)).  The Debtor references the legislative intent of the "non-titled spouse" provision (without citing any specific source as

3

the basis for the statement) and notes it has "nothing to do with creditors' rights or with

bankruptcy filings. The purpose is to protect against potential title issues after a transfer of

the property." Resp. ¶ 8. The Debtor did not address in the Response, or at the hearing on

the Trustee's Objection, the Trustee's assertion that, because the Homestead Declaration is

not "signed and acknowledged under penalty of perjury," it is not valid.

Because the Debtor has claimed a state homestead exemption, I must predict how the

Massachusetts Supreme Judicial Court would interpret the Massachusetts Homestead Statute.

*See, e.g., Garran v. SMS Fin. V, LLC (In re Garran)*, 338 F.3d 1, 6 (1st Cir. 2003) (citation

omitted) (determining "[a]s the Massachusetts courts have not yet addressed the interplay

between a § 1 exemption declared by a non-debtor spouse and a § 1A exemption declared by a

debtor, we must predict how the Massachusetts Supreme Judicial Court would interpret the

statute"). The Massachusetts Supreme Judicial Court has described the policy underlying the

homestead exemption:

> Homestead laws are based on a public policy which recognizes the value of securing to
> householders a home for the family regardless of the householder's financial condition.
> The preservation of the home is of paramount importance because there the family may
> be sheltered and preserved. Public policy dictates that exemption laws, such as
> homestead provisions, should be liberally construed to comport with their beneficent
> spirit of protecting the family home.

*Dwyer v. Cempellin*, 673 N.E.2d 863, 866 (Mass. 1996) (citation and internal quotations

omitted). The Massachusetts homestead exemption is to be liberally construed in favor of the

declarant. *Id.* (citations omitted). However, "liberal construction does not mean that courts can

extend the protection of the homestead exemption when doing so would contradict the 'plain

and unambiguous' language of the statute." *In re Garran*, 338 F.3d at 6 (citation omitted). The

plain language of the Massachusetts Homestead Act must be examined. "Any doubts as to the

extent of the homestead estate must be resolved in favor of the debtor in order to comport with

public policy as explicated by the Massachusetts Supreme Judicial Court." *In re Vaghini*, 549

B.R. 546, 549 (Bankr. D. Mass. 2016) (citing *Dwyer v. Cempellin,* 673 N.E.2d at 866).

Turning first to whether the Homestead Declaration is invalid because it was not "signed

and acknowledged under penalty of perjury," courts construing the Massachusetts Homestead

Act have determined that substantial compliance with the statute is sufficient in some cases

where there is no prejudice to creditors. *See, e.g., In re Zakarian*, 570 B.R. 680, 686 (Bankr. D.

Mass. 2017) (finding that a debtor's declaration of homestead "touche[d] all the bases required

by M. G. L. c. 188, § 5, not squarely for sure, but that is not necessary" and concluding "that

even [that debtor's] ephemeral brush of the bases will suffice"); *In re Newcomb*, 513 B.R. 7, 15

(Bankr. D. Mass. 2014) (finding an error in a homestead declaration that incorrectly identified

how the declarant and his wife held beneficial interests in their home but prejudiced no one

would be deemed to be immaterial by the Supreme Judicial Court). These cases show that those

courts applied the Supreme Judicial Court's liberal construction approach in determining that

the homestead declarations substantially complied with the requirements of the statute in those

cases. *See In re Zakarian*, 570 B.R. at 686 (explaining that "despite misstating the *nature* of

ownership of the . . . property [the declaration] correctly identifies the debtor as an owner"); *In

re Newcomb*, 513 B.R. at 15 (notwithstanding certain inaccurate information in a declaration of

homestead, determining that "[o]n its face, the Declaration satisfies all the requirements of

Mass. Gen. Laws ch. 188, § 5(a)" and the inaccuracy as to the derivation of the ownership

interest, which is not explicitly required by the statute, would be determined as immaterial by

the Supreme Judicial Court).

In this case, the Debtor failed to sign or acknowledge the Homestead Declaration "under

penalty of perjury" as expressly required by the statute.  Given that the Massachusetts

Homestead Act requires the declarant to make certain statements identifying the owners to be

specifically benefited and that they occupy or intend to occupy the subject property as a

principal residence, the legislature appears to have intended that any false statements made in a

declaration of homestead be punished by penalty of perjury.  Where the Debtor has failed to

subject himself to the "penalty of perjury" by not including any form of oath in the Homestead

Declaration or a jurat indicating that he verbally gave that oath before a notary public, there

does not appear to be any room for a different construction of the requirement because it would

contradict the explicit and unambiguous text of the statute.  *Cf. In re Garran*, 338 F.3d at 6;

*Hildebrandt v. Collins (In re Hildebrandt)*, 320 B.R. 40, 44 (B.A.P. 1st Cir. 2005).  The Debtor

offers no authority supporting any other conclusion. While this is a trap for the unwary and a

harsh result for this Debtor, who used an incorrect form, I feel constrained by the express

language of the statute and predict that the Supreme Judicial Court would determine that the

Homestead Declaration was not valid because it failed to satisfy a material requirement of

Mass. Gen. Laws ch. 188, § 3 and 5(a).  Despite liberal construction of the Massachusetts

Homestead Act, Massachusetts courts have strictly enforced the provisions of that act where

they are clear.  *See Dwyer v. Cempellin*, 673 N.E.2d at 866 (ruling that a declared homestead

was valid under an earlier version of the Massachusetts Homestead Act where it was improperly

signed by a husband and wife, but only as to the person whose signature appeared first, stating

that the second signature was a "legal nullity"); *see also Assistant Recorder of N. Registry Dist.

of Bristol Cty. v. Spinelli*, 651 N.E.2d 411, 413–14 (Mass. App. Ct. 1995) (strictly reading prior

version of the homestead statute to exclude beneficial interests in trusts where not listed in

definition of "owner" (citing *Kirby v. Assessors of Medford*,  350 Mass. 386, 391, 215 N.E.2d

99 (1966))); *In re Gunnison*, 397 B.R. 186, 190 (Bankr. D. Mass. 2008) (quotations and

citations omitted) (sustaining objection and concluding that "[e]ven the most liberal

construction of the Massachusetts homestead exemption . . . will not permit the Court to ignore

the explicit language of the statute" and since § 1 of the Massachusetts Homestead Act

"unequivocally states that an estate of homestead may be acquired on only one principal

residence for the benefit of a family[,]" the definition of which includes a husband and wife,

"only one of the two homestead declarations of separated debtors is valid").  Given my ruling, it

is not necessary for me to reach the other objections asserted by the Trustee, which may have

allowed me more latitude in determining compliance with the Massachusetts Homestead Act.

The Trustee's objection is sustained, and the Debtor's claimed exemption in the Property is

disallowed in part and shall be limited to $125,000 as provided by Mass. Gen. Laws ch. 188, §

4.

By the Court,

Dated: April 18, 2022

_____
Christopher J. Panos
United States Bankruptcy Judge